

**ORDERED in the Southern District of Florida on July 2, 2019.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | Adv. Pro. Nos. 19-01103, 19-01105, 19-01106, 19-01110, 19-01129, 19-01130, 19-01132, and 19-01133 |
| EIGHT ADVERSARY PROCEEDINGS REMOVED FROM STATE COURT BY JOHNSON & JOHNSON | |

**MEMORANDUM DECISION ON DEFENDANTS'**
**MOTIONS TO STAY AND PLAINTIFFS' MOTIONS TO REMAND**

Johnson & Johnson and certain affiliated companies (collectively "J&J") are defending over 2,400 personal injury and wrongful death actions. The Plaintiffs claim that a talcum product sold by J&J contained asbestos which caused cancer, specifically mesothelioma or ovarian cancer.

On February 13, 2019, Imerys Talc America, Inc., Imerys Talc Vermont, Inc., and Imerys Talc Canada, Inc. (collectively "Imerys") filed chapter 11 petitions in the District of Delaware (the "Imerys

Bankruptcy Case"). Imerys supplied all or virtually all of the talc used in J&J's products after 1978.

In April 2019, J&J began filing notices of removal in personal injury and wrongful death cases removing the cases to the federal court. J&J's theory is that all of the claims against it are "related to" the Imerys Bankruptcy Case and are therefore subject to bankruptcy jurisdiction under 28 U.S.C. § 1334, and removal under 28 U.S.C. § 1452(a). J&J's factual premise for related to jurisdiction is discussed later in this opinion. The notices of removal include the notices of removal filed by J&J commencing the eight adversary proceedings in this Court that are the subject of this opinion (the "Notices of Removal").

On April 18, 2019, in conjunction with the notices of removal it filed here and around the country, J&J filed a motion in the Imerys Bankruptcy Case styled as a Motion to Fix Venue for Claims Related to Imerys' Bankruptcy Under 28 U.S.C. § 157(b)(5) and 1333(b) (the "Venue Motion"). Through the Venue Motion, J&J seeks to consolidate all of the removed cases in the Delaware District Court.

### The Motions for Stay and Motions for Remand

J&J filed its eight Notices of Removal between April 18, 2019 and May 7, 2019. Plaintiffs filed motions to remand (the "Motions to Remand") between May 6, 2019 and May 11, 2019. J&J filed its Motions to Stay Temporarily All Proceedings (the "Motions to Stay")

2

on May 23, 2019 and May 28, 2019. The Court entered scheduling orders on the motions and each party filed memoranda.[1]

The Court conducted a hearing on the Motions to Stay and Motions to Remand on June 24, 2019. As announced at the conclusion of the hearing, and for the reasons discussed below, the Motions to Stay will be denied and the Motions to Remand will be granted. The Court will enter Orders on the motions in each of the individual adversary proceedings.

## **Discussion**

Counsel representing the Plaintiffs in all eight of these proceedings advised the Court that 408 of the cases that J&J removed around the country have already been remanded back to state court.[2] J&J conceded at the June 24th hearing that only a few courts have granted its motions to stay and acknowledged that not a single court has denied motions for remand.

This Court's review of the facts and law leads to the same conclusion. The Court finds no cause to stay these proceedings, and the facts strongly support a decision to equitably remand these proceedings back to the state court. Given the breadth of opinions already published, the Court will not engage in a lengthy analysis but will review and discuss the key issues.

---

[1] The docket entries of the Motions to Remand, Motions to Stay and memoranda are referred to in the eight individual orders entered in conjunction with this opinion.

[2] A list of 346 remand orders is attached to Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Remand [DE# 19 in 19-1103, Ex. 1].

**J&J has not established
<u>cause to stay these proceedings</u>**

J&J argues that this Court should defer consideration of the Motions to Remand until the District Court in Delaware rules on the Venue Motion.  There is no reason to do so.  First, this Court has previously held that the court to which an action is removed should consider the jurisdictional issues raised in remand motions before considering motions to transfer venue to the district where the underlying bankruptcy case is pending.  *Lennar Corp. v. Briarwood Capital LLC,* 430 B.R. 253, 260-61 (Bankr. S.D. Fla. 2010); *E.S. Bankest, LLC. v. United Beverage Florida, LLC (In re United Container, LLC),* 284 B.R. 162, 166 (Bankr. S.D. Fla. 2002).

In both *Lennar* and *United Container*, this Court addressed the issue of whether, upon removal, the court must first rule on a motion to remand or whether it should consider first a motion to transfer venue.  Like in this case, the defendants in *United Container* and *Lennar* removed state court cases to this Court under 28 U.S.C. § 1452(a), asserting that the state court cases were "related to" bankruptcy cases pending in another federal court.  Plaintiffs moved to remand the cases to state court, and defendants moved to transfer venue to the "home courts" presiding over the bankruptcy cases. This Court reasoned that when a case is removed under 28 U.S.C. § 1452(a), "the court to which such claim or cause of action is removed has the

authority to remand such a claim" under § 1452(b). *Lennar*, 430 B.R. at 261.

Similarly, in this case, this Court must hear the Plaintiffs' Motion for Remand first, as it is consistent with its jurisdictional gatekeeper role. The statutes at issue have two fundamentally different roles. While Congress gives the home court in a bankruptcy case the ability to fix the venue of certain claims under 28 U.S.C. § 157(b)(5), it provides the court to which a case is removed the power to remand such a case under 28 U.S.C. § 1452(b). Thus, before venue issues are considered, this Court's duty as gatekeeper is to first decide whether the case was properly removed or whether it should be remanded to state court.

In *Lennar* and *United Container*, the motions to transfer venue were brought under the change of venue authority in 28 U.S.C. § 1412. Here, the Venue Motion in play is brought under 28 U.S.C. § 157(b)(5). That section provides that the "home" bankruptcy court shall determine whether personal injury and wrongful death claims "shall be tried in the district court in which the bankruptcy case is pending or in the district court in the district in which the claim arose." J&J argues that this section gives the District Court in Delaware the authority to transfer all of the removed cases to that court.

Arguably, 28 U.S.C. § 157(b)(5) only applies to personal injury and wrongful death claims against a debtor, not claims against a

5

non-debtor, like J&J, that may be "related to" a bankruptcy case. *A.H. Robbins v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986). However, even if "related to" claims against a non-debtor are within the scope of 28 U.S.C. § 157(b)(5), § 157(b)(5) is still just a venue provision.

In this Court's view, the Venue Motion itself is premature until it is first determined whether the bankruptcy court has jurisdiction over the claims and, if so, whether jurisdiction should be exercised. Thus, where personal injury or wrongful death cases are remanded after removal, there is no venue decision to be made under § 157(b)(5).

There is a second reason for denying the Motions to Stay. While awaiting final briefing and a decision on the Venue Motion, J&J filed an emergency motion in the District of Delaware on April 30, 2019, entitled Emergency Motion for Provisional Transfer Under 28 U.S.C. § 157(b)(5) (the "Emergency Provisional Transfer Motion") [DE #12 and 13 in Case 1:19-MC-00103-MN]. That motion requested an order directing the provisional transfer to the District of Delaware of the approximately 2,400 federal and state personal injury and wrongful death cases pending against J&J. Presumably, this was J&J's effort to stop the various courts around the country from considering the pending remand motions.

The strategy failed. On May 9, 2019, the Delaware District Court entered a Memorandum Opinion [DE #34] denying the Emergency

Provisional Transfer Motion.  The court found that J&J failed to establish that provisional transfer was warranted.

The Court interprets the District Court's order as giving it a green light to consider the Motions to Remand without waiting for that court to rule on the Venue Motion.  For these reasons, the Motions to Stay will be denied.

### **Even if there is related to jurisdiction, these proceedings should be remanded back to the state courts**

Removal of these cases was proper under 28 U.S.C. § 1452(a) only if the federal court has jurisdiction under the bankruptcy provisions in 28 U.S.C. § 1334.  That section grants jurisdiction over "all civil proceedings <u>arising under</u> title 11 or <u>arising in</u> or <u>related to</u> cases under title 11" (emphasis added).  The state court claims against J&J did not arise under the Bankruptcy Code nor did they arise in the Imerys Bankruptcy Case.  Therefore, subject matter jurisdiction exists, if at all, under the "related to" jurisdictional grant.

The Eleventh Circuit has expressly adopted the "related to" jurisdictional test expounded by the Third Circuit in *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), where the Court stated

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.  Thus, the proceeding need not necessarily be against the debtor or against

7

>that debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

See *In re Toledo,* 170 F.3d 1340, 1345 (11th Cir. 1999) (citing *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990).

J&J argues that related to jurisdiction exists here based on contractual indemnifications contained in its supply agreements with Imerys. J&J also argues that the Imerys bankruptcy estate will be impacted by the outcome of these cases, because there are shared insurance policies covering claims against both Imerys and J&J and arguably, claims paid to cover J&J liability or defense costs will deplete the coverage available to Imerys.

This Court finds that J&J's related to claims are thin. J&J can pursue indemnification claims in the Imerys Bankruptcy Case regardless of where the underlying tort claims against J&J are tried. Moreover, the factual record is not fully developed with respect to the insurance policies. These facts have led some courts to find that J&J has not established related to jurisdiction. *See e.g.*, *Holman v. Johnson & Johnson*, 600 B.R. 611-15 (Bankr. N.D. Ill. 2019) (undertaking a lengthy analysis and rejecting J&J's arguments for related to jurisdiction); *Nicolas v. Johnson & Johnson*, No. 3:19-cv-01153-MBS, 2019 WL 2482380, at *2 (D. S.C. June 14, 2019) ("When there is no automatic liability for indemnification and a subsequent

lawsuit does not require prior determination of indemnification, there is no 'related to' jurisdiction."); *Kaufman v. Johnson & Johnson Consumer, Inc.*, 19cv0520, 2019 WL 2297556, at *3 (W.D. Pa. May 30, 2019). Another court has "strongly questioned whether Johnson & Johnson has carried its burden of demonstrating 'related to' jurisdiction." *O'Riorden v. Johnson & Johnson*, 19-cv-10751-ADB, 2019 WL 2371782, at *2 (D. Mass. June 5, 2019). For purposes of this Order, this Court will assume that related to jurisdiction exists, albeit barely, because even if jurisdiction exists, the facts compel remand.

Pursuant to 28 U.S.C. § 1452(b), this Court has discretion to remand cases removed under 28 U.S.C. § 1452(a) "on any equitable ground." Courts have identified various factors relevant to determining whether to equitably remand cases.[3] In the *O'Riorden* decision, cited earlier, the court listed the following factors:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

*O'Riorden*, 2019 WL 237182 at *2.

---

[3] The factors are generally the same as those analyzed in deciding motions for permissive abstention under 28 U.S.C. § 1334(c)(1). *Lennar Corp. v. Briarwood Capital LLC*, 430 B.R. 253, 267 (Bankr. S.D. Fla. 2010).

As noted earlier, every court that has considered a motion for equitable remand has granted the motion. The uniform result is not surprising, because consideration of these factors strongly supports remand. First, the outcome of these cases against J&J will have little impact on the efficient administration of the Imerys Bankruptcy Case. Notably, neither Imerys, as debtor-in-possession, nor any committee of creditors in the Imerys Bankruptcy Case has joined J&J in support of removal or, to this Court's knowledge, filed papers in support of J&J's Venue Motion. And, prior to the June 24th hearing, J&J had not even filed a claim in the Imerys Bankruptcy Case. J&J obviously believes it will be more efficient for it to defend all 2,400 cases in a single forum, but it is the efficient administration of the Imerys Bankruptcy Case that matters, not the cost and convenience to J&J.

Second, these wrongful death and personal injury cases allege purely state law claims. Third, while state law in these areas may not be unsettled, "comity counsels in favor of state-court resolution of state-law claims." *O'Riorden*, 2019 WL 2371782 at *2 (quoting *Fed. Home Loan Bank of Boston v. Ally Fin., Inc.*, 2012 WL 769731 at *4 (D. Mass. Mar. 9, 2012)).

As discussed earlier, the arguments for related to jurisdiction are thin. Thus, a fourth factor strongly supporting remand is the slight, if any, degree of relatedness of these J&J lawsuits to the Imerys Bankruptcy Case. Finally, removal of these cases and the

prospect of trial in the District of Delaware will undoubtedly prejudice the plaintiffs. First, although it is difficult to predict the timing of trials, it is likely that several of these cases will get to trial sooner in state court here in Florida than they would in the federal district court in Delaware. Second, the cost and inconvenience to the Plaintiffs of litigating in Delaware will far exceed the cost of litigating the claims against J&J in state court. Finally, in any state court case in which Plaintiffs have sued parties other than J&J, Plaintiffs would face the prospect of two trials, since only the claims against J&J were removed. In short, these proceedings can and should be remanded back to state court.

## Conclusion

J&J is facing the expensive prospect of defending 2,400 personal injury and wrongful death cases filed all over the country. The talc subject of all or most of these claims was supplied by Imerys who is now in bankruptcy. While it is conceivable that the outcome of the J&J cases may have some effect on the Imerys Bankruptcy Case, the Court finds compelling reasons to abstain from exercising jurisdiction and to instead remand the cases back to state court.

This Memorandum Decision will be docketed in each of the eight above-listed adversary proceedings, and the Court will enter an Order in each proceeding denying the Motion to Stay and granting the

Motion to Remand.

###

COPIES TO:

Daniel J. Di Matteo, Esq.
The Ferraro Law Firm, P.A.
600 Brickell Avenue – Suite 3800
Miami, FL  33131
(Counsel for the Plaintiffs in all eight proceedings)


Alexandra D. Blye, Esq.
Carlton Fields Jordan Burt, P.A.
525 Okeechobee Blvd. – Suite 1200
West Palm Beach, FL  33401
(Counsel for Johnson & Johnson in Adv. Nos. 19-1103, 19-1105, 19-1106 and 19-1110)

Ashley P. Hayes, Esq.
Shook Hardy & Bacon LLP
100 N. Tampa Street – Suite 2900
Tampa, FL  33602
(Counsel for Johnson & Johnson in Adv. Nos. 19-1129, 19-1130, 19-1132 and 19-1133)

John M. Lyons, Esq.
2001 Market Street – Suite 3000
Philadelphia, PA  19103
(Co-counsel for Johnson & Johnson in Adv. Nos. 19-1129, 19-1130, 19-1132 and 19-1133)